# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN DAUSKA,

          Plaintiff,

v.                           Case No. 12-C-925

GREEN BAY PACKAGING INC. and
GREEN BAY PACKAGING INC.
SEVERANCE PLAN,

          Defendants.

## ORDER ON MOTION FOR REIMBURSEMENT OF COPYING COSTS

      Plaintiff John Dauska, a former employee of Defendant Green Bay Packaging Inc. (GBP), filed this action on September 11, 2012, alleging that GBP discriminated against him and eventually forced him to retire in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. (Compl. ¶¶ 31–33, ECF No. 1.) Dauska also claimed that GBP and Defendant Green Bay Packaging Inc. Severance Plan (the Plan), an entity that GBP contends does not exist, failed to pay him severance benefits in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. (Compl. ¶¶ 35–40.) The court has previously granted GBP's motion for summary judgment as to the ERISA claim, and the parties are currently litigating the ADEA claim. As the parties were advised in a December 12, 2014 hearing in which the court resolved recently filed motions to compel, this order concerns an outstanding request by GBP for reimbursement of copying costs.

      The Court's May 14, 2013 order directed GBP to supplement its responses to several of Dauska's interrogatories and document requests. (ECF No. 18.) The Court also ordered GBP to

pay Dauska's reasonable expenses in bringing the motion to compel, not to exceed $2,000. (*Id.*) In response to the court order, GBP scanned personnel files, saved them as PDF files on a CD, and sent the CD to Dauska's counsel. (Pl's Mem. ¶ 2, ECF No. 27.) GBP invoked Rule 33(d), which provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . (1) specifying the records that must be reviewed, . . . and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Based on its interpretation of Rule 33(d), GBP asserted that its sole obligation was to make the documents available and that it was entitled to be reimbursed $0.20 per page for the scanning. GBP initially deducted $849 from the court-ordered attorney's fees but then paid the full $2,000 after Dauska filed a motion to enforce the May 14, 2013 order. (Pl's Mem. ¶ 3, ECF No. 27.) The Court addressed the issue with the parties during a hearing on July 31, 2013, and invited briefing on the issue of which party should bear the discovery costs. Presently before the Court is GBP's request for Dauska to reimburse $381.40, the reasonable cost of providing him copies of 1907 pages of discovery ($0.20 per page) following the July 31, 2013 hearing.

Although the general presumption is that "the responding party must bear the expense of complying with discovery requests," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978), this does not always apply to the cost of copying documents. Where the responding party has sufficiently made business records available for inspection, he is not required to incur the cost of making copies for the requesting party. *See* 8B Wright, Miller & Marcus, Federal Practice and Procedure 3d § 2213, at 191. District courts have typically followed this rule. *See, e.g.*, *F.D.I.C.*

*v. Johnson*, No. 12-C-209, 2013 WL 1195698, at *3 (D. Nev. Mar. 22, 2013) ("[The court agrees with those courts which have held that a party responding to discovery requests is responsible for the initial costs of reviewing and preparing paper documents and ESI for inspection and copying, but is not responsible for paying copying costs for voluminous materials.") (citations omitted); *Singletary v. Reed*, No. 06-C-323, 2006 WL 3591868, at *1 (W.D. Wis. Dec. 8, 2006) ("Rule 34 does not require the defendant to provide him with free copies of the documents he wants. If plaintiff wishes to have copies of materials in defendant's possession for his own records, he will be responsible for paying the costs of duplicating the material.") Thus, although responding parties often bear these costs as a professional courtesy, the Federal Rules do not obligate them to do so. Dauska is therefore responsible for the costs of scanning the documents.

Dauska additionally contends that 20 cents per page is unreasonable because it is his understanding that GBP scanned the documents on its own scanner and did not hire a vendor. GBP does not claim to have hired a vendor, but it argues that 20 cents per page is a reasonable rate given that defense counsel's firm typically charges 25 cents per page and Dauska has not claimed he could have found a less expensive vendor. (Def's Resp. at 5, ECF No. 30.) The rate appears reasonable to the Court. *See Tharo Sys., Inc. v. Cab Produkttechnik*, No. 3-CV-0419, 2005 WL 1123595, at *2 (N.D. Ohio May 10, 2005) ("In this Court's experience, the cost of electronic scanning is no more than $0.30 per page.") Although GBP did not pay "out of pocket" costs, reimbursement still compensates GBP for maintaining the scanner and expending the effort to scan the documents, costs that would have been incurred by a third party vendor as well. Dauska is therefore ordered to reimburse GBP in the amount of $381.40.

**SO ORDERED** this   12th   day of December, 2014.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court